IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HF HUNTER SHIPPING PTE. LTD.,      )
                                   )
                Plaintiff,         )
                                   )
        v.                         )        C.A. No. 25-573-JLH-EGT
                                   )
ATLANTIC OCEANIC LLC,              )
                                   )
                Defendant.         )

## REPORT AND RECOMMENDATION

Presently before the Court is the motion of Plaintiff HF Hunter Shipping PTE Ltd. ("Plaintiff" or "HF Hunter") to remand this case to the Delaware Court of Chancery (D.I. 15) and the motion of Defendant Atlantic Oceanic LLC ("Defendant" or "Atlantic") to dismiss or, in the alternative, transfer this action to the Eastern District of Louisiana (D.I. 17). For the reasons set forth below, the Court recommends that Plaintiff's motion to remand be GRANTED, this case be REMANDED to the Delaware Court of Chancery, and Defendant's motion to dismiss REMAIN PENDING for the Court of Chancery upon remand.

## I.    BACKGROUND

Plaintiff is a Singapore private limited company with its registered office in Singapore and its principal place of business in Singapore. (D.I. 1, Ex. 1 ¶ 8 (verified complaint in Court of Chancery); *see also* D.I. 4). Defendant is a Delaware limited liability company with its principal place of business in New Bedford, Massachusetts. (D.I. 1 ¶ 11; *id.*, Ex. 1 ¶ 9). Defendant only has two LLC members: Ms. Clair Greenhalgh, a citizen of Massachusetts, and Mr. Paul Crowther, a citizen and resident of the United Kingdom. (D.I. 1 ¶¶ 12-13).

The parties are embroiled in a dispute regarding Plaintiff's vessel, the *M/V HF Hunter*. (D.I. 1 ¶¶ 1-4; *see also id.*, Ex. 1 ¶¶ 1-7). Generally speaking, Plaintiff has been trying – and

continues to try – to avoid Defendant's repeated attempts to attach the *M/V HF Hunter* vessel to satisfy the debts of another entity, HF Offshore Services Mexico S.A.P.I. de C.V.  (D.I. 1 ¶¶ 1-4; D.I. 1, Ex. 1 ¶¶ 1-7).  On May 7, 2025, Plaintiff filed an action in the Delaware Court of Chancery, seeking (1) a declaration that Plaintiff is not the alter ego of HF Offshore Services Mexico S.A.P.I. de C.V. and (2) an order enjoining Defendant from further attempts to attach or otherwise interfere with the *M/V HF Hunter*.  (*See generally* D.I. 1, Ex. 1).

The next day, on May 8, 2025, Defendant removed the case to this Court, citing diversity jurisdiction under 28 U.S.C. § 1332(a) as the basis for removal.  (D.I. 1; *see also id.* ¶ 9 ("This Court has diversity jurisdiction under 28 U.S.C. § 1332 and the matter is removable to this Court pursuant to 28 U.S.C. § 1441 because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.")).  A week later, on May 12, 2025, Plaintiff filed its motion to remand the case to the Court of Chancery, arguing that the presence of a foreign plaintiff and a foreign defendant destroys diversity jurisdiction.  (D.I. 15 & 16).  On May 27, 2025, Defendant filed its motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that the action should be dismissed as moot in light of a subsequent attachment of the *M/V HF Hunter* vessel in the Eastern District of Louisiana.  (D.I. 17, 18 & 19).[1]  Defendants seek transfer to that District in the alternative.  (D.I. 18 at 8-17).  Briefing was complete on both motions on June 10, 2025.  (D.I. 20 & 21).

## II.    **LEGAL STANDARD**

Removal jurisdiction is governed by § 1441(a), which provides that a defendant in a civil action pending in state court may remove that action to a district court that has original jurisdiction

---

[1]    Although the Court does not reach the merits of Defendant's motion to dismiss, it appears that the attachment has since been vacated.  (D.I. 23 at Page 3 of 3).

(and is located in the district where the state action is pending).  28 U.S.C. § 1441(a).  Original jurisdiction in district court generally exists where a federal question is at issue or where there is diversity of citizenship under § 1332.  Federal diversity jurisdiction "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant."  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *see also Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) (noting that § 1332 has been "consistently interpreted" to require complete diversity).  "If at any time before final judgment the district court discovers that it lacks subject matter jurisdiction to hear the [removed] case, the case must be remanded."  28 U.S.C. § 1447(c).

"On a motion to remand, it is always the removing party's burden to prove the propriety of removal, and any doubts about the existence of federal jurisdiction must be resolved in favor of remand."  *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992); *see also Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987) ("It is settled that the removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand."  (footnote omitted)).

## III.  DISCUSSION

Before reaching Defendant's motion to dismiss (or any other issue), the Court must first address the threshold issue raised by Plaintiff's motion to remand – *i.e.*, whether this Court has subject matter jurisdiction over this case at all.

### A.     Diversity Jurisdiction

Defendant removed the action to this Court solely on the basis of diversity jurisdiction. (D.I. 1 ¶ 9).  In the Chancery complaint, Plaintiff alleges that it is a Singapore private limited company and that Defendant is a Delaware LLC.  (D.I. 1, Ex. 1 ¶¶ 8-9).  In the notice of removal, Defendant states that Plaintiff is a Singapore private limited company, Defendant is a Delaware

LLC with two members and, further, that those two members are a Massachusetts citizen and United Kingdom citizen. (D.I. 1 ¶¶ 10-13).[2] Defendant asserts that "there is complete diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332(a)." (D.I. 1 ¶ 14). The Court disagrees.

As an initial matter, Defendant does not indicate which diversity provision of § 1332(a) is at issue in this case – where a foreign company sues a domestic LLC. It is clear that § 1332(a)(1) is not applicable because this is not a suit between citizens of different states. Similarly, § 1332(a)(4) is not at issue because no foreign state is a party. As between the two remaining diversity provisions, § 1332(a)(3) is also inapplicable because it requires a suit between citizens of different states (*i.e.*, as plaintiff and defendant) – where foreign subjects or citizens are "additional parties." *See Dresser Indus., Inc. v. Underwriters at Lloyd's of London*, 106 F.3d 494, 497 (3d Cir. 1997) ("[Section 1332(a)(3)] makes no distinction based upon which side of the controversy – plaintiff, defendant, or both – the aliens appear. Although the statute plainly requires that the dispute be between citizens of different states, it includes the phrase 'additional parties' without any such limitation."). Here, there is no citizen of a different state present as a plaintiff. Any purported diversity jurisdiction in this case must therefore be based on § 1332(a)(2).

No such jurisdiction exists here. Diversity jurisdiction under § 1332(a)(2) requires complete diversity. *See Dresser*, 106 F.3d at 498-99; *see also Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 574-75 (2004) (dismissal for lack of subject matter jurisdiction "the only available option" where defendant was a Mexican corporation and plaintiff was a Texas LLP with

---

[2]    In its removal notice, Defendant lists Plaintiff's principal place of business as in Mexico. (D.I. 1 ¶ 10; *but see* D.I. 1, Ex. 1 ¶ 8; *see also* & D.I. 4 (Plaintiff's Rule 7.1 statement filed in this Court)). Whether its principal place of business is in Singapore or Mexico, Plaintiff is still considered a foreign citizen within the meaning of § 1332(a).

at least two Mexican citizens as partners).  The Third Circuit has made clear that, in the context of § 1332(a)(2), complete diversity means that the statute only confers jurisdiction over suits between a citizen of a state and a foreign citizen.  *See Field v. Volkswagenwerk AG*, 626 F.2d 293, 296 (3d Cir. 1980) ("This [complete diversity] requirement pertains to suits between aliens as well as to suits between citizens.  Thus, the principle has been applied to deny jurisdiction in an action by an alien against citizens of a state and another alien.").  No diversity jurisdiction exists where a foreign citizen sues a citizen of a state and another foreign citizen.  *Id.*  Regardless of the country of citizenship, the presence of an alien on both sides of the controversy renders the dispute outside the reach of § 1332(a)(2).

Turning to the facts here, Plaintiff is a Singapore company suing a Delaware LLC.  Cabined to this summary, it appears that diversity jurisdiction exists under § 1332(a)(2).  But an LLC is a citizen in every state in which its members are citizens.  *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d. Cir. 2010).  And the Court must evaluate the citizenship of every LLC member when determining whether diversity jurisdiction exists in cases involving LLC defendants.  *See Lincoln Ben Life Co. v. AEI Life, LLC*, 800 F.3d 99, 108 n.36 (3d Cir. 2015).  By Defendant's own admission, the members of Defendant Atlantic Oceanic LLC are a Massachusetts citizen and a resident and citizen of the United Kingdom.  This is therefore a suit by a foreign citizen against citizens of a state and another foreign citizen.  Complete diversity is lacking and, as such, § 1332(a)(2) does not confer diversity jurisdiction.  There being no other basis for subject matter jurisdiction in this Court, the case must be remanded to the Court of Chancery.

### B.    Costs and Attorneys' Fees

Plaintiff requests costs and attorneys' fees under 28 U.S.C. § 1447(c) in connection with its motion to remand.  (D.I. 16 at 6-8; *see also* D.I. 20 at 3-4).  Section 1447(c) provides that "[a]n

order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The decision of whether to award costs and fees under § 1447(c) is committed to the Court's discretion. *See Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 139 (2005). Notwithstanding the Court's general reluctance to award attorneys' fees, such an award cannot be avoided here.

Defendant did not respond at all to the substance of Plaintiff's motion for remand. (*See* D.I. 18 at 5-6). Instead, Defendant argued that the Court should strike the motion for failing to comply with Local Rule 7.1.1, which requires a movant to engage in "a reasonable effort" to reach agreement "on the matters set forth in the motion" before filing any non-dispositive motion. D. DEL. L.R. 7.1.1. But Defendant misunderstands the law. Motions to remand are considered dispositive motions and therefore are not subject to the meet-and-confer requirements of Local Rule 7.1.1. *See In re U.S. Healthcare*, 159 F.3d 142, 146 (3d Cir. 1998) ("[A] remand order is dispositive for purposes of 28 U.S.C. § 636(b)(1) . . . .").

Defendant's only other mention of the motion to remand was a single sentence in a footnote: "[t]o the extent the Court is inclined to reach the merits of the Motion to Remand, at the very least, the Court should not consider Plaintiff's request for attorneys' fees and costs." (D.I. 18 at 6 n.2). But Defendant does not indicate why it believes attorneys' fees and costs should not be awarded. And perhaps most troublingly, this naked assertion is against the backdrop of Defendant's deafening silence on the complete diversity issue raised by Plaintiff. Defendant had no defense at all for why it removed this action when Plaintiff is a foreign citizen and one of Defendant's LLC members is also a foreign citizen, thereby destroying complete diversity. That is telling. Because Defendant did not attempt to articulate any reason for the removal, the Court must conclude that Defendant lacked an objectively reasonable basis to remove the action to this

Court.[3]  *See Martin*, 546 U.S. at 141 ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.").  And Defendant's decision to file a motion to dismiss despite having no justification for removal needlessly prolonged the action in this Court.  Under these circumstances, the Court recommends that reasonable costs and attorneys' fees be awarded to Plaintiff under § 1447(c). The Court further recommends that Plaintiff be given fourteen (14) days from the adoption of this Report and Recommendation to submit an accounting of its reasonable costs and attorneys' fees.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, the Court recommends that Plaintiff's motion to remand (D.I. 15) be GRANTED, the case be REMANDED to the Delaware Court of Chancery, and Defendant's motion to dismiss (D.I. 17) REMAIN PENDING for the Court of Chancery on remand.  The Court also recommends that Plaintiff be awarded costs and attorneys' fees under § 1447(c).

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b)(1) and District of Delaware Local Rule 72.1.  Any objections to the Report and Recommendation shall be limited to ten (10) pages and filed within fourteen (14) days after being served with a copy of this Report and Recommendation.  *See* FED. R. CIV. P. 72(b)(2). Any responses to the objections shall limited to ten (10) pages and filed within fourteen (14) days after the objections.  The failure of a party to object to legal conclusions may result in the loss of

---

[3]      Indeed, Defendant did not attempt to take responsibility for or even acknowledge the glaring misapprehension of the facts and law here.

the right to *de novo* review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

The parties are directed to the court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated March 7, 2022, a copy of which is available on the court's website, https://www.ded.uscourts.gov.

Dated: November 3, 2025

_____
UNITED STATES MAGISTRATE JUDGE